UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

TOMMY PERALTA,

    Plaintiff,

v.

T-MOBILE USA, INC.,

    Defendant,
_____/

# COMPLAINT

The Plaintiff TOMMY PERALTA sues Defendant T-MOBILE USA, INC., and alleges:

## INTRODUCTION

1. This is an action by Plaintiff TOMMY PERALTA, under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress injury done to him by the Defendant' discriminatory and retaliatory treatment. This is also an action under Florida common law to recover unpaid wages and for attorney's fees thereon pursuant to Florida Statutes, § 448.08.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over

1

Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case, and pursuant to 28 U.S.C. §§1332 and 1367.

3.  The venue of this action is properly placed in the Southern District of Florida, Ft. Lauderdale Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Broward County, Florida.

PARTIES

4.  Plaintiff TOMMY PERALTA ("Peralta" or "Plaintiff") is a resident of Broward County, Florida, who was employed by Defendant T-MOBILE USA, INC. At the time of his employment with Defendant resided in Broward County, was a fifty-five (55) year old man who is a member of certain classes of protected persons.

5.  Defendant T-MOBILE USA, INC. ("T-Mobile" or "Defendant"), is Washington corporation that provide cellular service to residential and commercial across the country and is authorized to conduct business in the State of Florida, in Broward County, Florida, and within the jurisdiction of this Court. T-Mobile is, and at all times relevant was, a business whose activity affected interstate commerce.

PROCEDURAL REQUIREMENTS

6.  All conditions precedent to this action have been fulfilled. Plaintiff dual-filed a Charge of Discrimination with the EEOC, and with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints. On or about August 16, 2022, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a Dismissal and Notice of Rights with respect to such charge of discrimination, which was received by the Plaintiff on, or about August 16, 2022. *See* **Exhibit "A."**

## STATEMENT OF FACTS

7. At all times relevant to this Complaint, Plaintiff was a 55-year-old man who was employed by the Defendant as an account executive.

8. On or about August 9, 2021, Plaintiff noticed that his June 2021 commissions were removed, and he was being charged for them.

9. He then noticed that his July commissions, which was $59,650.00, were also removed. Because of these removals, Defendant's system showed that Plaintiff owed $22,645.00; an amount that was never communicated to him.

10. Plaintiff brought this issue to the attention of Ms. Bolger, Mayda Diaz, Jacob Salata, and Cheryl Keeler, Defendant's management team.

11. Two days later, on August 11, 2021, Ms. Bolger provided a response to Plaintiff informing him that his July commissions were on hold "pending corporate leadership review, per the Windfall clause."

12. Ms. Bolger also stated that the chargeback was a separate issue and that they would be removed.

13. One week later, after receiving no follow up, Plaintiff again inquired about the issue.

14. He informed Ms. Bolger, Ms. Diaz, Mr. Salata, and Ms. Keeler that the customer in question, WorldNet, had been his customer for years as a Sprint legacy customer and that he had been paid commission on similar sales in the past[1].

15. Plaintiff further informed them that Defendant gave him an award for

---

[1] On information and belief Sprint Corporation and T-Mobile, USA merged in 2020.

the exact sale in question.

16. In fact, Defendant awarded Plaintiff several recognitions and awards for his sales.

17. Following Plaintiff's email communication, a conference call was held. Plaintiff was informed that a business decision was made that the WorldNet account was/is a wholesale, reseller account and that as of July 1, 2021, no commissions would be paid and that the previous negative amounts would be remedied and not shown on his account.

18. Plaintiff again stated that WorldNet was not a wholesale account and that he had worked that account for years.

19. But it was a legacy Sprint Account, that has/had an agreement of B to B to X business to Business to X = Consumer.

20. This agreement has been in effect for more than 20 years and was sold by the Sprint Platform; not the T-Mobile Platform.

21. Plaintiff further informed the team that when Sprint and T-Mobile merged, he was authorized to keep working that account, even though it was outside of his territory because he had worked that account for years.

22. Plaintiff had received commissions for this account and previously received recognition for the account.

23. The other account executives on Plaintiff's team, who were all younger than Plaintiff were allowed to maintain certain accounts and commissions for those accounts that were of the same nature as the commissions taken from Plaintiff.

24. On, or about October 29, 2021, Plaintiff complained to Defendant informing

that he was being discriminated against.

25. Since then, Defendant was retaliated against Plaintiff by withholding assistance on his accounts that he was receiving before, thus impacting the amount of money that he could earn.

**COUNT I:**
**VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 623 (ADEA): DISCRIMINATION BASED ON AGE**

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

27. Plaintiff currently works for the Defendant as an account executive.

28. In his role, Plaintiff worked on the "WorldNet" account for many years and received his commission, but in August 2021, he realized that his July 2021 commission of nearly $60,000.00 was removed.

29. The other account executives on Plaintiff's team, who were all younger than Plaintiff were allowed to maintain certain accounts and commissions for those accounts that were of the same nature as the commissions taken from Plaintiff.

30. At all times material hereto, the Defendant failed to comply with the Age Discrimination in Employment Act, 29 U.S.C. § 623 (a) *et seq.*, as amended, which states, "It shall be unlawful for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect

his status as an employee, because of such individual's age; or (3) to reduce the wage rate of any employee in order to comply with this chapter."

31. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's Age.

32. At all relevant times, including the time of his termination, Defendant was aware that Plaintiff was 55 years old.

33. At the time of the unlawful discrimination, the Plaintiff did satisfactorily perform the essential functions assigned to him by the Defendant. The Plaintiff was qualified for the position apart from his apparent Age.

34. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Age Discrimination in Employment Act of 1967, as amended.

35. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

36. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his age in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

37. Defendant's removal of Plaintiff's earned commission was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because he was 55 years old, in violation of the Act.

38. Any alleged nondiscriminatory reason for removal of Plaintiff's commission asserted by Defendant is a mere pretext for the actual reason, Plaintiff's Age.

39. The Defendant's actions were malicious and were recklessly indifferent to

the Plaintiff's rights protecting a person from discrimination due to his age. The discrimination on the basis of Age constitutes unlawful discrimination.

40. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TOMMY PERALTA respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADEA;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under the ADEA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Liquidated damages;

e) Award Plaintiff prejudgment interest on his damages award;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT II:
## VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964: RETALIATION

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 and above as if set out in full herein.

42. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an

employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this subchapter*." 42 U.S.C. § 2000e-3(a) (emphasis added).

43. Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended, and specifically of Section 704(a) of the Act, which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

44. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

45. Defendant through its practices and policies as employers, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff because of Plaintiff's complaints.

46. On, or about October 29, 2021, Plaintiff complained to Defendant informing that he was being discriminated against.

47. Since then, Defendant was retaliated against Plaintiff by withholding assistance on his accounts that he was receiving before, thus impacting the amount of money that he could earn.

48. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered, and continues to suffer, serious economic losses as well as mental pain and suffering.

49. Any alleged nonretaliatory reason for Plaintiff's treatment asserted by the Defendant is a mere pretext for the actual reason, Plaintiff's participation in protected activity.

50. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights to engage in protected activity.

51. Retaliation on the basis of having engaged in protected activity constitutes unlawful retaliation.

52. As a result of the retaliation, Plaintiff has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

53. Defendant's acts, through its agents, were done with malice and reckless disregard for Plaintiff's federally protected civil rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TOMMY PERALTA respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on his damages award;

e) Award Plaintiff punitive damages according to proof;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT III:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1922 CHAPTER 760; RETALIATION

54. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 and above as if set out in full herein.

55. On, or about October 29, 2021, Plaintiff complained to Defendant informing that he was being discriminated against.

56. Since then, Defendant was retaliated against Plaintiff by withholding assistance on his accounts that he was receiving before, thus impacting the amount of money that he could earn.

57. The Defendant's above listed actions against Plaintiff were motivated by an intent to retaliate against Plaintiff for his protected activity under the FCRA.

58. As a direct and proximate result of the retaliation against Plaintiff, he has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation and physical injuries and distress.

WHEREFORE, Plaintiff TOMMY PERALTA respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on his damages award;

e) Award Plaintiff punitive damages according to proof;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT IV:
## UNPAID WAGES UNDER FLORIDA COMMON LAW AND SECTION 448.08, FLORIDA STATUTES

59. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this Complaint as if set out in full herein.

60. Plaintiff was employed by Defendant as an account manager, and fully performed his duties as directed. All work performed by Plaintiff was within the State of Florida.

61. Per the terms of Plaintiff's employment, he was supposed to earn variable incentive pay based on his title and sales that he earned.

62. Plaintiff earned $59,650.00 for his July 2021 commission.

63. Defendant stated that a business decision was made that the WorldNet account was/is a wholesale, reseller account and that as of July 1, 2021, no commissions would be paid.

64. However, WorldNet, had been Plaintiff's customer for years as a Sprint legacy customer and that he had been paid commission on similar sales in the past.

65. Further, Plaintiff previously received an award for the exact sale in question.

66. Defendant awarded Plaintiff several recognitions and awards for his sales.

67. Defendant owes Plaintiff wages earned under Florida common law and attorneys' fees and costs incurred pursuing this action under Florida Statutes, Section 448.08, should Plaintiff prevail on this claim.

WHEREFORE, Plaintiff TOMMY PERALTA respectfully requests that this court order the following:

a) Award Back pay in the form of lost wages, including lost benefits, plus interest;

b) Award Costs of this action, together with reasonable attorneys' fees;

c) Award Post-judgment interest; and

d) Grant such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: November 14, 2022.

 **s/ Brandon J. Gibson**
 Brandon J. Gibson
 Florida Bar No: 0099411
 E-mail: bgibson@rtrlaw.com
 REIFKIND, THOMPSON, & RUDZINSKI, LLP
 3333 W. Commercial Blvd, Ste. 200
 Ft. Lauderdale, Florida 33309
 Telephone: (954) 370-5152
 Facsimile: (954) 370-1992
 *Counsel for Plaintiff(s)*